**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

**BILLY E. LUNSFORD,**

     **Movant,**

**v.**                       **Case No. 2:13-cv-25090**
                                  **Criminal No.: 2:10-cr-00182-01**

**UNITED STATES OF AMERICA,**

     **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 67). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that Movant's Motion be denied and this matter be dismissed, with prejudice, and removed from the docket of the Court.

I.    **Background**

On September 7, 2010, Movant Billy E. Lunsford ("Lunsford"), a convicted felon, was found by law enforcement officers to be in possession of a handgun. As a result, on October 19, 2010, a federal grand jury in Charleston, West Virginia returned a one-count indictment against Lunsford, charging him with being a felon in possession of a firearm

1

in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ECF No. 1).[1] Assistant Federal Public Defender Lex Coleman ("Coleman") was appointed to represent Lunsford on the indictment. On January 19, 2011, a bench trial was held before the Honorable Thomas E. Johnston, which terminated in Lunsford's conviction of the charge. (ECF No. 33). Sentencing was scheduled on May 4, 2011 to allow the Probation Department sufficient time to prepare a Presentence Report ("PSR"), and to provide the parties with ample opportunity to file objections to the PSR and submit sentencing memoranda. (*Id.*).

A draft PSR was provided to the parties in March 2011, and in it, the Probation Officer recommended that Lunsford be granted a two-level decrease for acceptance of responsibility under § 3E1.1(a) of the United States Sentencing Guidelines Manual ("U.S.S.G."). (ECF No. 53 at 6). The Officer explained that although Lunsford had proceeded to a bench trial, he only did so in order to preserve certain appellate rights, and not to contest his guilt. Indeed, Lunsford had agreed to a stipulation of facts prior to trial. The Probation Officer also reported that Lunsford had voluntarily surrendered the firearm to authorities at the time of his arrest and freely admitted his possession of the handgun. (*Id.* at 5). Therefore, he qualified for the two-level decrease. (*Id.* at 6).

The Probation Officer further recommended that Lunsford receive the additional one-level decrease for acceptance of responsibility allowed under U.S.S.G. § 3E1.1(b), which prompted the Government to file an objection to this particular recommendation on April 6, 2011. (ECF No. 36). Specifically, the Government argued that § 3E1.1(b)'s extra level decrease was reserved for cases in which the defendant announced his intention to enter a guilty plea sufficiently in advance of trial to prevent the Government from having to incur the time and money necessary to prepare for trial. In contrast,

---

[1] All docket numbers refer to the documents filed in the underlying criminal case.

Lunsford did not plead guilty, and while he ultimately agreed to stipulate to the elements of the crime, he did not do so sufficiently in advance of trial to prevent the Government's expenditure of time and resources. Accordingly, the Government contended that Lunsford did not qualify for the additional one-point decrease. (*Id.*).

Coleman also filed objections to the PSR, as well as requests for corrections and supplementations. (ECF No. 37). In response to the Government's objection, Coleman asserted that the Government had timely notice of Lunsford's desire to enter a conditional plea, and knew that he did not intend to contest any factual issue establishing guilt. Thus, the Government did not have to spend time and resources preparing for the bench trial, and Lunsford was entitled to the extra level decrease. Coleman contended that because the Government refused the conditional plea, Lunsford was forced to proceed to trial in order to preserve a constitutional challenge he intended to raise on appeal. (*Id.*). In addition, to support his arguments regarding Movant's physical disabilities, Coleman provided the Probation Officer with detailed information regarding Lunsford's medical condition, emphasizing that he had undergone a below-the-knee amputation of his left leg with secondary pain and infection, requiring ongoing treatment. (*Id.*).

On April 27, 2011, the Government filed a sentencing memorandum. (ECF No. 38). Once again, the Government took the position that Lunsford was not entitled to the extra one-level decrease for acceptance of responsibility under U.S.S.G. § 3E1.1(b); thus, the Government refused to make the motion requesting the decrease. The Government argued that Lunsford did not have a valid constitutional challenge to raise on appeal, did not provide the Government with a timely stipulation of facts, and did not plead guilty. Consequently, the Government was forced to prepare for trial. According to the

Government, the third point under § 3E1.1(b) could only be granted if the Government moved for it, and the Government was under no obligation to make the motion. As long as its refusal to make the motion was not based on an unconstitutional motive, the Government could not be forced to request the additional level decrease. (*Id.*).

Coleman filed a sentencing memorandum on behalf of Lunsford on April 29, 2011, again arguing that the Government should be compelled to request the additional point for acceptance of responsibility, setting forth several cogent reasons why the Government's refusal to move for a decrease was arbitrary and capricious. (ECF No. 41-1). Furthermore, Coleman contended that Lunsford should be granted a variance from the Sentencing Guidelines given his significant health issues and his cooperation with law enforcement at the time of his arrest. Coleman emphasized that Lunsford acted responsibly at the time of his arrest, voluntarily reporting to a law enforcement officer that he possessed the handgun and then freely handing it over. (*Id*). Coleman asked the Court to consider a sentence of probation for Lunsford, pointing out that he was eligible for probation by statute if not under the Guidelines. (*Id.*). Shortly thereafter, Lunsford's sentencing hearing was continued due to acute medical problems that required prompt treatment. (ECF No. 39-1, 42).

On June 17, 2011, the PSR was revised. (ECF No. 53 at 1). In relevant part, paragraph 7 of the PSR, entitled "Pretrial Adjustment," was supplemented to reflect that on May 26, 2011, Lunsford tested positive for cocaine. (*Id.* at 4). That particular violation of Lunsford's conditions of pretrial release also resulted in a modification of the recommendation related to acceptance of responsibility. The PSR was amended to read: "The probation officer does not recommend a decrease in the offense level for acceptance of responsibility based on new criminal conduct as alleged in paragraph 7,

4

U.S.S.G § 3E1.1(a)." (*Id.* at 7).

The sentencing hearing began on June 27, 2011, but was continued after nine minutes to allow Coleman to obtain additional information from the Probation Officer. (ECF No. 45). The hearing resumed on July 6, 2011 before the Honorable Thomas E. Johnston. (ECF No. 61). At the outset of the hearing, the parties acknowledged that two objections with the PSR remained, one involving the firearm enhancement, and the other being the absence of any decrease for acceptance of responsibility. (*Id.* at 2-3).

When the parties turned to the issue of acceptance of responsibility, the Court took note of a Fourth Circuit opinion that had been issued the day prior in another case in which the Government had refused to move for the third level decrease. However, the Court observed: 'That was the original issue in this case. The issue has changed, though, because we have a positive drug test in May. So whatever you have to say on that, Mr. Coleman, now is the time." (*Id.* at 6). Coleman argued that in Lunsford's case, the single positive drug screen should not disqualify him from the acceptance of responsibility decrease for several reasons. First, Lunsford had been on bond for an extended period of time and only had one positive screen. Second, he used the illegal controlled substance during a period when he was in severe pain from his underlying medical conditions and had no prescription pain medication. Third, Lunsford only used cocaine one time and was honest about it with his Probation Officer. He was not trafficking in controlled substances or engaging in other criminal behavior. He used it in a moment of weakness, and he genuinely regretted it. (*Id.* at 6-9). After listening to Coleman, the Court stated:

> I have almost uniformly denied acceptance upon the occurrence of a dirty urine while on bond ... I am not going to change that policy this time. It's only been in the very rarest of circumstances, and very unusual circumstances, where I have given acceptance in spite of a dirty urine, and I don't see that here. Dirty urine is an indication of continuing criminal

associations and conduct, and inconsistent with acceptance of responsibility, and for a variety of policy reasons I don't award acceptance of responsibility when somebody has a dirty urine, particularly after a plea or adjudication of guilt, and I am not going to change that policy now.

(*Id.* at 9-10).

The Court proceeded to calculate Lunsford's sentence under the Sentencing Guidelines, determining that he had a base offense level of 20, with a two-level enhancement for having a stolen firearm, for a total offense level of 22. (ECF No. 61 at 15). Lunsford's Criminal History Category was a V, based on 12 criminal history points. Accordingly, his Guidelines sentencing range was 77 to 96 months of imprisonment. (*Id.*). Coleman then argued vigorously that the Court vary downward from the Guidelines and sentence Lunsford to a much shorter sentence, some of which could be served on home confinement or at a community confinement center. (*Id.* at 16-19). The Government opposed a shorter sentence, stressing that Lunsford was originally arrested while he was at a known crack house and was in possession of a loaded handgun that was stolen. In addition, he lost his acceptance of responsibility decrease because he was still using drugs. According to the Government, Lunsford needed to receive a Guidelines sentence as "an effective deterrent in this case." (*Id.* at 21). After considering the factors in 18 U.S.C. § 3553(a), the Court imposed a sentence of 77-months imprisonment, followed by three years of supervised release. (*Id.* at 23).

On July 21, 2011, Lunsford filed A Notice of Appeal with the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). (ECF No. 54). On March 26, 2012, the Fourth Circuit issued an opinion affirming the district court's conviction and sentence. (ECF No. 62). On October 10, 2013, Lunsford filed the instant Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 67). The

United States was ordered to respond to the Motion and filed a response on January 16, 2014. (ECF No. 75). Lunsford was given an opportunity to reply to the Government's response, and he filed a reply memorandum on March 14, 2014. (ECF No. 78). In April, letters of support on behalf of Lunsford were filed with the Court. (ECF No. 79).

## II.    <u>Movant's Grounds to Vacate, Set Aside, or Correct His Sentence</u>

Lunsford asserts that Coleman "was ineffective in that counsel did not advocate nor argue for the two level reduction when it was clear at the instant offense, Lunsford met the requirements for this downward departure." (ECF No. 67 at 4). He claims that "[t]his error prejudiced [him] in that he did not benefit from a reduction he had fully qualified." (*Id.*). Lunsford asked to be resentenced "inclusive of the 2 level reduction for Acceptance of Responsibility under the U.S.S.G. § 3E1.1 particulars" and for an evidentiary hearing. (*Id.* at 13).

The Government responds by pointing out that Coleman did request the acceptance of responsibility decrease on multiple occasions and vigorously argued for its application at the sentencing hearing. In his reply memorandum, Lunsford concedes that counsel sought the decrease for acceptance of responsibility, but contends that counsel's argument "was minimal and cursory at best," and thus was not effective representation. (ECF No. 78 at 2).

## III.    <u>Standard Under 28 U.S.C. §2255</u>

A motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence entered in a separate proceeding. *Wall v. Kholi*, 131 S.Ct. 1278, 1284-85, 179 L.Ed.2d. 252 (2011). To succeed on such a motion, the movant must prove that the conviction or sentence was imposed in violation of the laws or Constitution of the United States; or the court imposing the sentence lacked jurisdiction; or the sentence

exceeded the maximum authorized by law; or the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255. Because a § 2255 motion seeks to deny, evade, or impeach a judgment, claims of error that have previously been raised and rejected on a direct appeal of the judgment may not be raised again in a § 2255 motion. *United States v. Harrison*, No. 96-7579, 1997 WL 499671, at *1 (4th Cir. Aug. 25, 1997) (citing *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976).

In this case, Lunsford attacks his conviction and sentence on the ground that his Sixth Amendment right to the effective assistance of counsel was denied during the sentencing phase of the criminal proceedings. The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to the effective assistance of counsel during all critical stages of their criminal proceedings, *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), including sentencing. *Id.* at 1385-86, *citing Glover v. United States,* 531 U.S. 198, 203, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001) (internal citations omitted) ("The precedents also establish that there exists a right to counsel during sentencing in both noncapital and capital cases. Even though sentencing does not concern the defendant's guilt or innocence, ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because "any amount of [additional] jail time has Sixth Amendment significance."). While assistance "which is ineffective in preserving fairness does not meet the constitutional mandate," *Id.* at 685-86, "defects in assistance that have no probable effect upon the trial's outcome do not establish a constitutional violation." *Mickens v. Taylor,* 535 U.S. 162, 166, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2001).

In *Strickland*, the Supreme Court adopted a two-prong test for determining whether a criminal defendant received ineffective assistance of counsel. The defendant

8

carries the burden of satisfying both prongs of the test by a preponderance of the evidence, and "a failure of proof on either prong ends the matter." *United States v. Roane,* 378 F.3d 382, 404 (4th Cir. 1994). First, the defendant must show that counsel's representation fell below an objective standard of reasonableness. When evaluating counsel's performance under the first prong of *Strickland,* "judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. As such, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* (internal quotation marks omitted). The inquiry under *Strickland* is "whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 788, 178 L.Ed.2d 624 (2011) (internal quotations omitted). Moreover, the Court is "not at liberty to rely on hindsight to reconstruct the circumstances of counsel's conduct." *Winston v. Pearson*, 683 F.3d 489, 504 (4th Cir. 2012). Rather, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689; *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986).

The second prong of the *Strickland* test requires the defendant to affirmatively establish prejudice; that is, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. By "different," the Supreme Court explained, the defendant must show a reasonable likelihood "of a result more favorable" to him. *Id.* at 695. It is

insufficient for the defendant "to show that the errors had some conceivable effect on the outcome of the proceeding," because "[v]irtually every act or omission of counsel would meet that test." *Id.* at 693. Rather, a "reasonable probability" that the result would have been more favorable requires "a probability sufficient to undermine confidence in the outcome" of the proceeding. *Id.* at 694.

Under the Rules Governing Section 2255 Proceedings, the reviewing court must examine the motion, answer, any transcripts and record of prior proceedings, and any other materials supplied by the parties to determine the need for an evidentiary hearing. If the motion can be resolved based on the record before the court, an evidentiary hearing is unnecessary. *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970). With this framework in mind, the undersigned has thoroughly reviewed the record and conclusively **FINDS** that Movant fails to state a factual or legal basis for relief. Therefore, an evidentiary hearing is not warranted.

**IV.  Analysis**

Movant's § 2255 motion has no merit for the simple reason that it lacks a factual basis. *See United States v. Belcher,* Case No. 1:10-cr-00017, 2013 WL 317525, at *3 (W.D.Va. Jan. 28, 2013) (Finding that movant had no factual basis for motion when, contrary to movant's claim, counsel had argued for acceptance of responsibility credit). The record plainly demonstrates that Movant's counsel fully and completely argued Movant's right to a three-level decrease for acceptance of responsibility. Movant contends that counsel's argument was "minimal and cursory," stating that counsel failed to stress Movant's "willing acceptance to own his actions of the instant offense; his diffusing a potentially violatile [sic] situation at a private residence high with tension, voluntarily disclosing his felony possession of the firearm; voluntarily surrendering the

firearm to authorities and; accepting responsibility at the time of the instant offense both verbally and with his actions." (ECF No. 78 at 2-3).  If Movant believes that he lost credit for acceptance of responsibility because counsel did not clearly make these points to the Probation Officer or the Court, then Movant is misguided. Furthermore, to reach this conclusion, he must disregard the obvious and pivotal facts.

The record reflects that counsel repeatedly raised all of the factors mentioned by Movant. (ECF Nos. 37, 41-1, 61 at 16-17). Although Movant refused to plead guilty and proceeded to a bench trial, which provided reasons for the Probation Officer not to recommend credit for acceptance of responsibility, counsel successfully convinced the Officer to recommend the three-level decrease over the Government's objection. Moreover, counsel declined to accept the Government's obstinate refusal to move for the third-level decrease, filing arguments in favor of the additional level in his objections to the PSR and the sentencing memorandum, and making oral argument at the sentencing hearing that all three levels should be granted.

Unfortunately, by the time of the sentencing hearing, no matter how vigorously counsel argued, the two-level decrease that was at one time firmly in his grasp now slipped through his fingers. This outcome, however, had nothing to do with the quality of professional services rendered by counsel. Instead, the acceptance of responsibility decrease was lost for the sole reason that Movant used cocaine while released on bond and consequently tested positive on a urine screen. (ECF No. 61 at 9-10). The Court made it absolutely clear at the sentencing hearing that the use of cocaine was an indication of continuing criminal association and conduct, and was inconsistent with acceptance of responsibility. Therefore, the Court's policy was not to "award acceptance of responsibility when somebody has a dirty urine, particularly after a plea or

adjudication of guilt, and I am not going to change that policy now." (*Id.*).

A review of the record confirms that counsel's legal services fell well within the range of reasonable professional assistance. His failure to obtain credit for acceptance of responsibility did not constitute ineffective assistance of counsel. *See Delossantos v. United States,* Case No. 3:13-cv-65 (JCH), 2013 WL 3280020, at *4 (D.Conn. June 26, 2013) (Failure to prevail is not evidence of ineffective assistance of counsel). This principle is particularly true in the instant case where counsel's hard work nearly reaped the anticipated benefit, and, in fact, only failed because of Movant's "new criminal conduct." (ECF No. 53 at 7).

Accordingly, the undersigned **FINDS** that Movant fails to establish his claim of ineffective assistance of counsel.

## V.   <u>**Proposal and Recommendations**</u>

Therefore, the undersigned **PROPOSES** that the presiding District Judge adopt the findings set forth herein, and respectfully **RECOMMENDS** that Movant's motion under 28 U.S.C. § 2255 be **DENIED**, (ECF No. 67), and that this civil action be **DISMISSED**, with prejudice, and **REMOVED** from the docket of the Court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific

written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston, and Magistrate Judge Eifert.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant and to counsel of record.

**FILED:** October 14 , 2014

Cheryl A. Eifert
United States Magistrate Judge

13