**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

BILLY E. LUNSFORD,

                Petitioner,

v.                                    CIVIL ACTION NO.   2:13-cv-25090
                                    (Criminal No. 2:10-cr-00182)

UNITED STATES OF AMERICA,

                Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "Section 2255 Motion"). (ECF No. 67.) By Standing Order entered on April 8, 2013 and filed in this case on October 16, 2013, this action was referred to Magistrate Judge Cheryl A. Eifert for submission of proposed findings of fact and recommendations for disposition. (ECF No. 68.) On October 14, 2014, Magistrate Judge Eifert filed proposed findings of fact and recommendations for disposition (the "PF&R"), in which she recommends that the Court deny Petitioner's Section 2255 Motion and dismiss this action with prejudice. (ECF No. 80 at 12.) Petitioner filed his Response in Opposition to the Magistrate's Proposed Findings and Recommendations (the "Objections") on November 3, 2014. (ECF No. 81.)

For the reasons that follow, the Court **OVERRULES** the Objections, **ADOPTS** the PF&R, **DENIES** Petitioner's Section 2255 Motion, and **DISMISSES** this case **WITH PREJUDICE**.

1

## I.  Background

This case involves a motion by a person in federal custody to vacate, set aside, or correct their sentence pursuant to 28 U.S.C. § 2255. In particular, Petitioner asserts that his counsel was constitutionally ineffective during Petitioner's sentencing hearing and that deficiency resulted in Petitioner not obtaining a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). (*See* ECF No. 67.)

On October 22, 2010, the Government filed a single-count Indictment against Petitioner, which alleged that Petitioner committed the offense of possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ECF No. 1.) Assistant Federal Public Defender Lex Coleman ("Defense Counsel") was appointed as counsel for Petitioner. (*See, e.g.*, ECF No. 13 at 6.) On January 19, 2011, the Court conducted a one-day bench trial, which resulted in Petitioner's conviction of the charged offense. (*See, e.g.*, ECF No. 32.)

Following the trial, the Court ordered the probation office to prepare a presentence report ("PSR") and forward a draft to the Government and Defense Counsel by March 23, 2011. (ECF No. 33 ¶ 3.) While Petitioner went to trial, Defense Counsel nonetheless argued in his objections to the first PSR that Petitioner was entitled to a reduction for acceptance of responsibility. (ECF No. 37 at 1–2.)[1] In particular, Defense Counsel argued that Petitioner "proceeded with a bench trial to preserve his appeal right, in the event the Court denied his pretrial motion," (ECF No. 53 ¶ 16), and, as such, a reduction for acceptance of responsibility was appropriate pursuant to "application note 2 to USSG § 3E1.1," (ECF No. 37 at 2). The probation officer agreed and

---

[1] The Court notes that the final PSR and Petitioner's objections to the first PSR are both sealed documents. (*See* ECF Nos. 37 & 53.) The Court nonetheless finds that it is necessary to cite to these materials to address the Section 2255 Motion.

recommended that the Court find that "a two-level decrease" was appropriate "pursuant to U.S.S.G. § 3E1.1(a)." (ECF No. 53 ¶ 16.)

Petitioner was released on pretrial supervision at his "initial appearance on October 22, 2010." (*Id.* ¶ 7.) Following the bench trial, the Court ordered that Petitioner would remain on bond pending sentencing. (ECF No. 32 at 1.) During this period of pre-sentencing supervision, Petitioner "tested positive for cocaine" on May 26, 2011. (ECF No. 53 ¶ 7.) The probation officer subsequently revised the PSR on June 17, 2011. (*See* ECF No. 53.) In this final PSR, the probation officer changed the analysis regarding acceptance of responsibility and recommended that the Court decline to apply the two-level reduction under U.S.S.G. § 3E1.1(a) due to Petitioner's "new criminal conduct"—*i.e.*, his positive drug test. (*Id.* ¶¶ 7 & 26.)

The sentencing hearing began on June 27, 2011, but was continued at Defense Counsel's request so that he could obtain additional information from the probation officer. (*See* ECF No. 45.) The sentencing hearing resumed on July 6, 2011. (*See, e.g.*, ECF No. 48.) On the issue of acceptance of responsibility, Defense Counsel acknowledged that Petitioner submitted a positive drug test. (*See, e.g.*, ECF No. 61 at 6:21–25.) However, Defense Counsel asserted that Petitioner should receive the Section 3E1.1(a) two-level reduction for acceptance of responsibility for two reasons: (1) Petitioner's physicians discontinued his pain medications for some period of time as part of his treatment and he took "the cocaine to relieve pain," (*id.* at 7:23–8:23); and (2) under "the totality of the circumstances [approach] to acceptance," Petitioner "accepted responsibility for what [he] did" and "demonstrated contrition," (*id.* at 8:24–9:22). The Court then provided the following statement in response to these arguments:

> I have almost uniformly denied acceptance upon the occurrence of a dirty urine
> while on bond, especially after a plea hearing – or a trial in this case . . . . -- however

3

you want to characterize it . . . . This happened a little over a month ago. I'm not going to change that policy this time. It's only been in the very rarest of circumstances, and very unusual circumstances, where I have given acceptance in spite of a dirty urine, and I don't see that here. Dirty urine is an indication of continuing criminal associations and conduct, and inconsistent with acceptance of responsibility, and for a variety of policy reasons I don't award acceptance of responsibility when somebody has a dirty urine, particularly after a plea or an adjudication of guilt, and I'm not going to change that policy now.

I have no doubt [Defense Counsel] advised his client in this case of that, and so -- because [Defense Counsel] is an experienced attorney and also experienced with me, and he knew the implications of a positive drug screen.

(*Id.* at 9:23–10:16.) The Court then ruled that "acceptance of responsibility will be denied on that basis." (*Id.* at 10:16–18.) The Court subsequently sentenced Petitioner to seventy-seven months of imprisonment. (ECF No. 51 at 2.)

Petitioner filed the Section 2255 Motion on October 10, 2013. (ECF No. 67.) Petitioner provides only one ground in the Section 2255 Motion as to why his sentence "violat[es] . . . the Constitution, laws, or treaties of the United States"—ineffective assistance of counsel. (*Id.* at 4.) In particular, Petitioner asserts that Defense Counsel was constitutionally ineffective in his advocacy on behalf of Petitioner receiving the Section 3E1.1 two-level reduction for acceptance of responsibility. (*See id.*; *see also id.* at 14–17 (providing Petitioner's memorandum attached to the Section 2255 Motion, in which he provides additional arguments in favor of the Section 2255 Motion).) Respondent filed its opposition brief to the Section 2255 Motion on January 17, 2014, (ECF No. 75), and Petitioner filed his reply brief in support of the Section 2255 Motion on March 14, 2014, (ECF No. 78).

By Standing Order entered on April 8, 2013 and filed in this case on October 16, 2013, this action was referred to Magistrate Judge Cheryl A. Eifert for submission of proposed findings of fact and recommendations for disposition. (ECF No. 68.) On October 14, 2014, Magistrate Judge

4

Eifert filed the PF&R, in which she recommends that the Court deny Petitioner's Section 2255 Motion and dismiss this action with prejudice. (ECF No. 80 at 12.) Petitioner then filed his Objections on November 3, 2014. (ECF No. 81.) As such, the PF&R, the Objections, and the Petition are fully briefed and ready for disposition.

## II.  *Legal Standard*

**A.      Review of the PF&R**

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge "when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, the Court need not conduct a de novo review when a petitioner "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Id.* In reviewing those portions of the PF&R to which Petitioner objected, the Court will consider the fact that Petitioner is acting pro se and his filings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

**B.      Motions Pursuant to 28 U.S.C. § 2255**

Petitioner brings the Section 2255 Motion pursuant to 28 U.S.C. § 2255. (*See* ECF No. 67.) "Section 2255 provides federal prisoners a mechanism, beyond a direct appeal, for challenging the legality of their sentence." *United States v. Hadden*, 475 F.3d 652, 660 (4th Cir. 2007); *see also Savage v. United States*, Civil No. 4:14cv69, 2015 WL 5020900, at *2 (E.D. Va. Aug. 21, 2015) ("A § 2255 motion is, in essence, a statutory federal habeas corpus action that enables a petitioner

5

to collaterally attack her sentence or conviction through the filing of a new proceeding, as contrasted with direct appeal." (citation omitted)). Section 2255 provides the following, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. . . .
>
> If the court finds . . . that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255(a) & (b).

"Under this section, a district court's resolution of a prisoner's § 2255 petition proceeds in two steps." *Hadden*, 475 F.3d at 661. "First, the district court must determine whether the prisoner's sentence is unlawful on one of the specified grounds." *Id.* (citing 28 U.S.C. § 2255). "[A] motion under [§] 2255 is ordinarily presented to the judge who presided at the original conviction and sentencing" and "[i]n some cases, the judge's recollection of the events at issue may enable him summarily to dismiss a [§] 2255 motion." *Blackledge v. Allison*, 431 U.S. 63, 75 n.4 (1977). "Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon [the] petitioner to establish" the asserted grounds for relief "by a preponderance of the evidence." *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (citations omitted); *see, e.g.*, *Smith v. United States*, Civil Action No. 5:03-cv-02366, 2007 WL 1029038, at *2 (S.D. W. Va. Mar. 31, 2007) ("For [the] [p]etitioner to prevail on his § 2255 claim . . . , he bears the burden of proving his allegations by a preponderance of the

evidence." (citations omitted)); *State of W. Va. v. Moore*, 897 F. Supp. 276, 280 (S.D. W. Va. 1995) ("In his § 2255 proceedings, [the petitioner bears] the burden of proving by a preponderance of the evidence that his conviction and sentence should be set aside.").

"Second, if the prisoner's sentence (and, depending on the scope of the prisoner's challenge, perhaps one or more of his convictions as well) is set aside, the district court 'shall' grant the prisoner an 'appropriate' remedy." *Hadden*, 475 F.3d at 661 (quoting 28 U.S.C. § 2255). "The district court has broad and flexible power to fashion an appropriate remedy in granting relief on collateral review." *United States v. Groves*, 592 F. App'x 145, 146 (4th Cir. 2014) (citing *United States v. Hillary*, 106 F.3d 1170, 1171 (4th Cir. 1997)). Nonetheless, "§ 2255 lists the . . . remedies that are appropriate" and "the end result of a successful § 2255 proceeding must be the vacatur of the prisoner's unlawful sentence (and perhaps one or more of his convictions)," as well as "one of the following: (1) the prisoner's release, (2) the grant of a future new trial to the prisoner, (3) or a new sentence, be it imposed by (a) a resentencing or (b) a corrected sentence." *Hadden*, 475 F.3d at 661 (citing 28 U.S.C. § 2255).

"The existence of the right to pursue a collateral attack does not displace a direct appeal as the 'usual and customary method of correcting trial errors.'" *Fuller v. United States*, Civil No. 2:14cvl50, 2015 WL 4911781, at *1 (E.D. Va. Aug. 17, 2015) (quoting *United States v. Allgood*, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999)); *see also Sunal v. Large*, 332 U.S. 174, 177 (1947) ("The normal and customary method of correcting errors of the trial is by appeal."). As such, "[w]ith limited exceptions, a petitioner advancing new claims asserted for the first time in a § 2255 motion 'must clear a significantly higher hurdle than would exist on direct appeal.'" *Savage*, 2015 WL 5020900, at *2 (quoting *United States v. Frady*, 456 U.S. 152, 166 (1982)). "Where a defendant

has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted); *see also Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." (citations omitted)); *United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999) ("In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." (citations omitted)); *cf. Stone v. Powell*, 428 U.S. 465, 478 n.10 (1976) ("[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." (citations omitted)). "The procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro*, 538 U.S. at 504.

"However, it is well settled that 'a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.'" *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997) (quoting *United States v. Williams*, 977 F.2d 866, 871 (4th Cir. 1992)); *see also Savage*, 2015 WL 5020900, at *2 ("A § 2255 petitioner need not, however, overcome the procedural default bar to advance a freestanding claim of ineffective assistance of counsel, which is properly asserted for the first time in a § 2255 motion." (citing *King*, 119 F.3d at 295)). Indeed, "in most cases a

8

motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance" because the "record [was] not developed precisely for the object of litigating or preserving the claim and thus [is] often incomplete or inadequate for this purpose." *Massaro*, 538 U.S. at 504–05. The district court is therefore "the forum best suited to developing the facts necessary to determining the adequacy of representation" in "the first instance." *Id.* at 505; *see also id.* at 506 ("In addition, the § 2255 motion often will be ruled upon by the same district judge who presided [over the earlier proceedings]. The judge, having observed the earlier [proceedings], should have an advantageous perspective for determining the effectiveness of counsel's conduct and whether any deficiencies were prejudicial.").

### III. Discussion

Petitioner objects to the Magistrate Judge's recommendation in the PF&R that the Court find that Defense Counsel was not constitutionally ineffective at the July 6, 2011 sentencing hearing in his advocacy on behalf of Petitioner receiving the two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). (*See* ECF No. 81 at 1–7.) The Court concurs with Magistrate Judge Eifert's analysis and recommendation and disagrees with Petitioner's position.

The Sixth Amendment to the United States Constitution provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. "It is well established that the [S]ixth [A]mendment's guarantee of a right to counsel encompasses a right to the effective assistance of counsel." *Stuck v. United States*, Civil Action No. 2:08–0240, 2010 WL 3259700, at *2 (S.D. W. Va. Aug. 18, 2010) (citations omitted). Supreme Court precedent establishes that this "right to

counsel" exists "during sentencing in both noncapital and capital cases." *Lafler v. Cooper*, 132 S. Ct. 1376, 1385–86 (2012) (citations omitted).

The Supreme Court "established the legal principles that govern claims of ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984)." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003). In *Strickland*, the Supreme Court stated that "[a]n ineffective assistance claim has two components: [1] [a] petitioner must show that counsel's performance was deficient, and [2] that the deficiency prejudiced the defense." *Id.* (citing *Strickland*, 466 U.S. at 687). "A defendant asserting an [ineffective assistance of counsel] claim must . . . satisfy both prongs, and a failure of proof on either prong ends the matter." *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004) (citing *Williams v. Kelly*, 816 F.2d 939, 946–47 (4th Cir. 1987)); *see also Jones v. Clarke*, 783 F.3d 987, 991–92 (4th Cir. 2015) ("'[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one,' and '[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed.'" (quoting *Strickland*, 466 U.S. at 697)).

Under the deficient-performance prong, the petitioner's "burden is to show 'that counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the Sixth Amendment.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687). The petitioner satisfies this burden by "demonstrat[ing] that counsel's representation 'fell below an objective standard of reasonableness.'" *Roane*, 378 F.3d at 404 (quoting *Strickland*, 466 U.S. at 687). This analysis "is necessarily linked to the practice and expectations of the legal community: 'The proper measure of attorney performance remains simply reasonableness under

10

prevailing professional norms.'" *Hinton v. Alabama*, 134 S. Ct. 1081, 1088 (2014) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010)). "In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. "[C]ounsel's performance will not be deemed deficient except in those relatively rare situations where, 'in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.'" *Tice v. Johnson*, 647 F.3d 87, 102 (4th Cir. 2011) (quoting *Strickland*, 466 U.S. at 690).

"It is 'all too tempting' to 'second-guess counsel's assistance after conviction or adverse sentence.'" *Richter*, 562 U.S. at 105 (quoting *Strickland*, 466 U.S. at 689). However, the Court "must resist the temptation to 'second-guess counsel's assistance . . .' and make 'every effort . . . to eliminate the distorting effects of hindsight.'" *DeCastro v. Branker*, 642 F.3d 442, 451 (4th Cir. 2011); *see also Strickland*, 466 U.S. at 690 ("[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."). "Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." *Richter*, 562 U.S. at 105. Additionally, "[a] criminal defense attorney routinely faces thorny tactical decisions that may heavily bear on the defendant's life or liberty." *Tice*, 647 F.3d 87. "Lacking complete, verifiable information, the lawyer must often make those decisions based on educated surmise and conjecture." *Id.* Indeed, "[e]ven the best criminal defense attorneys would not defend a particular client in the same way." *Strickland*, 466 U.S. at 689 (citation omitted). For these reasons, "a court asked to engage in detached, dispassionate, after-the-fact review 'must indulge a strong presumption' that counsel's

11

decisions were within the broad spectrum of reasonableness." *Tice*, 647 F.3d at 102 (quoting *Strickland*, 466 U.S. at 689); *see, e.g.*, *Richter*, 562 U.S. at 104 ("A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." (quoting *Strickland*, 466 U.S. at 689)); *Bell v. Cone*, 535 U.S. 685, 702 (2002) ("[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." (citation omitted)); *cf. Strickland*, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential."). "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Richter*, 562 U.S. at 105 (quoting *Strickland*, 466 U.S. at 690).

"Yet deference to the decisions of counsel is not limitless." *Winston v. Pearson*, 683 F.3d 489, 504 (4th Cir. 2012). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690–91. "In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id.* at 691; *see also Winston*, 683 F.3d at 504 ("Attorneys have a duty to investigate their client's case so as to enable them to make professional decisions that merit distinction as 'informed legal choices.'" (quoting *Elmore v. Ozmint*, 661 F.3d 783, 858 (4th Cir. 2011))). "In any ineffectiveness case, a particular decision not to investigate

12

must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691.

"Once a petitioner has established deficient performance, he must prove prejudice—'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Winston*, 683 F.3d at 505 (quoting *Richter*, 562 U.S. at 104). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Richter*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 694). *See generally id.* at 111–12 ("This does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case.'" (quoting *Strickland*, 466 U.S. at 693)). "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Richter*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 693). "The likelihood of a different result must be substantial, not just conceivable." *Id.* at 112; *cf. id.* at 104 ("Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" (quoting *Strickland*, 466 U.S. at 687)). "Even though sentencing does not concern the defendant's guilt or innocence, ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because 'any amount of [additional] jail time has Sixth Amendment significance.'" *Lafler*, 132 S. Ct. at 1386 (quoting *Glover v. United States*, 531 U.S. 198, 203 (2001)).

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla*, 559 U.S. at 371. "An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care,

lest 'intrusive post-trial inquiry' threaten the integrity of the very adversary process the right to counsel is meant to serve." *Richter*, 562 U.S. at 105 (quoting *Strickland*, 466 U.S. at 689–90).

In the Objections, Petitioner proffers three arguments as to how his counsel was allegedly ineffective during the sentencing proceedings. First, Petitioner appears to assert that his counsel should have argued that Petitioner's use of drugs while on release pending sentencing was not a valid basis to preclude a reduction for acceptance of responsibility. (*See* ECF No. 81 at 4–5, 6.) The Court disagrees.

Considering first the prejudice analysis, Defense Counsel could have easily determined that there was little to no chance of success in broaching Petitioner's proffered argument. *See generally United States v. Tart*, 877 F.2d 61, at *1 (4th Cir. 1989) ("Whether counsel's performance was deficient may be bypassed if it is easier to dispose of the claim on the grounds of lack of sufficient prejudice." (citing *Strickland*, 466 U.S. at 697)). U.S.S.G. § 3E1.1 provides for a two-level reduction in a defendant's offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). "[I]n order to receive a reduction under § 3E1.1 for acceptance of responsibility, the defendant must prove by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." *United States v. Nale*, 101 F.3d 1000, 1005 (4th Cir. 1996) (citations omitted); *see also United States v. Harris*, 882 F.2d 902, 906–07 (4th Cir. 1989) ("[T]he party seeking application of Guideline § 3E1.1 . . . ha[s] the burden of persuading the court that he [is] entitled to it . . . ."). "[T]he district court is to evaluate the defendant's acts and statements to determine whether the defendant has accepted responsibility for his or her criminal conduct." *United States v. Kise*, 369 F.3d 766, 771 (4th Cir. 2004) (citations omitted).

The Fourth Circuit has repeatedly noted that a defendant's use of controlled substances following their adjudication of guilt constitutes grounds for a district court to decline to grant the Section 3E1.1 two-level reduction for acceptance of responsibility. *See, e.g.*, *United States v. Harbin*, 179 F. App'x 193, 193 (4th Cir. 2006) ("A defendant's continued use or sale of drugs after conviction may be a basis for denial of an adjustment for acceptance of responsibility." (citations omitted)); *United States v. Kidd*, 12 F.3d 30, 34 (4th Cir. 1993) ("Given [the defendant's] continued use and illegal distribution of cocaine after his indictment and plea agreement, we do not think that the district court erred in denying credit for acceptance of responsibility."); *United States v. Underwood*, 970 F.2d 1336, 1339 (4th Cir. 1992) (upholding the district court's decision to not grant a reduction for acceptance of responsibility where the defendant "continued to use marijuana" after entering into a plea agreement with the government). *See generally United States v. Savage*, 580 F. App'x 240, 241 (4th Cir. 2014) ("Even criminal conduct unrelated to the charged criminal conduct may support a finding that the defendant has not accepted responsibility."). In accordance with these statements from the Fourth Circuit, this Court has traditionally found that a defendant's use of controlled substances following their adjudication of guilt[2] is not indicative of acceptance of responsibility.[3] *Cf.* U.S.S.G. § 3E1.1, cmt. n. 1 (stating that "[i]n determining

---

[2] The Court notes that it has more frequently faced the situation where a defendant is not entitled to a reduction for acceptance of responsibility due to drug use following a guilty plea because such pleas are more common than bench or jury trials. Nonetheless, as the Court noted at Petitioner's sentencing, the Court has traditionally declined to "award acceptance of responsibility when somebody has a dirty urine, particularly after a plea *or* an adjudication of guilt." (ECF No. 61 at 10:6–12 (emphasis added)); *cf. United States v. Jarrell*, 296 F. App'x 342, 343 (4th Cir. 2008) ("[The Fourth Circuit] has held that a defendant's continued use or sale of drugs after conviction may be a basis for denial of acceptance of responsibility. These decisions do not require multiple instances of drug use to warrant denial of the adjustment, only some continued use of drugs *after a guilty plea or conviction*." (emphasis added) (citation omitted)).

[3] Petitioner urges the Court to change its general policy of declining to apply the Section 3E1.1 two-level reduction for acceptance of responsibility when a defendant submits a dirty urine sample following their adjudication of guilt. (ECF No. 81 at 4–5.) In particular, Petitioner argues that this approach "flies in the face of the Therapeutic Drug Treatment Community Standards and accepted practices." (*Id.* at 5.)

The Court is well aware of the scourge of drug addiction and the dramatic impact it has upon the user, their family, and their community. However, as the Court stated during Petitioner's sentencing, the Court has consistently

whether a defendant qualifies" for the two-level reduction for acceptance of responsibility, "appropriate considerations include, but are not limited to" whether the defendant "voluntary[ily] terminat[ed] or withdr[ew] from criminal conduct or associations" and "the timeliness of the defendant's conduct in manifesting the acceptance of responsibility"). The Court therefore generally declines to grant this reduction under such circumstances.

In this case, Petitioner submitted a drug test that was positive for cocaine while he was on pre-sentencing release following his adjudication of guilt. (*See, e.g.*, ECF No. 61 at 6:16–17 (providing the Court's statement during the sentencing hearing—to which Petitioner did not object—that "we have a positive drug test in May").) The Court therefore determined that Petitioner was not entitled to the Section 3E1.1 two-level reduction for acceptance of responsibility. (*See id.* at 10:6–12 (providing the following statement from the Court during the sentencing hearing as the basis for declining to apply the reduction for acceptance of responsibility: "Dirty urine is an indication of continuing criminal associations and conduct, and inconsistent with acceptance of responsibility, and for a variety of policy reasons I don't award acceptance of responsibility when somebody has a dirty urine, particularly after a plea or an adjudication of guilt, and I'm not going to change that policy now.").)

While Defense Counsel argued that the Court should nonetheless apply this reduction during the sentencing hearing, Defense Counsel did not argue that Petitioner's use of controlled substances was not a viable basis to preclude the application of this reduction. (*See id.* at 6:19–

---

found that the use of controlled substances by a defendant following an adjudication of guilt is not indicative of acceptance of responsibility. (*See* ECF No. 61 at 10:6–18.) To the contrary, drug use demonstrates that a defendant has not relinquished criminal behavior. (*See id.* at 10:6–12.) The Court therefore declines Petitioner's invitation to change its general policy of not applying the reduction for acceptance of responsibility where a defendant uses controlled substances following their adjudication of guilt.

16

9:22.) However, Defense Counsel had little to no chance of success with this potential argument, given the above-referenced statements from the Fourth Circuit on this topic and the Court's general practice of not applying this reduction in the case of a defendant who uses controlled substances following their adjudication of guilt. As this potential argument bore little to no chance of success, Petitioner suffered no prejudice by counsel declining to pursue this long-shot argument. *See, e.g.*, *United States v. Rangel*, 781 F.3d 736, 746 (4th Cir. 2015) (finding that the defendant failed to satisfy the prejudice component of an ineffective assistance of counsel claim where his attorney declined to raise an issue that "had limited chance of success"); *Dyess v. United States*, Civil Action No. 2:08–00849, 2011 WL 3667528, at *12 (S.D. W. Va. Aug. 22, 2011) (finding that the petitioner failed to show prejudice based on counsel's decision not to file a motion to withdraw the petitioner's guilty plea where such a motion would not "have had a chance of success"); *cf. United States v. Mason*, 774 F.3d 824, 830 (4th Cir. 2014) (noting that "[a]ttorneys can be selective and strategic without risking an ineffective assistance of counsel claim" and that the Fourth Circuit has "consistently made clear that [it] do[es] not penalize attorneys for failing to bring novel or long-shot contentions" (citations omitted)). *See generally Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) ("[The Supreme] Court has never required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success.").

The Court thus finds that Petitioner fails to show that he suffered any prejudice by Defense Counsel declining to argue that Petitioner's use of controlled substances following his adjudication of guilt was not a valid basis to preclude the Section 3E1.1 two-level reduction for acceptance of responsibility. Accordingly, the Court finds that Petitioner's contention that Defense Counsel's failure to raise this argument does not constitute ineffective assistance of counsel. *See, e.g.*, *United*

*States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004) ("A defendant asserting an [ineffective assistance of counsel] claim must . . . satisfy both prongs, and a failure of proof on either prong ends the matter." (citing *Williams v. Kelly*, 816 F.2d 939, 946–47 (4th Cir. 1987))).

Second, Petitioner appears to assert that Defense Counsel was ineffective by not arguing that the two-level reduction for acceptance of responsibility was appropriate because Petitioner's use of cocaine was "unrelated criminal conduct" to the count of conviction. (*See* ECF No. 81 at 3.) The Court is not persuaded by this argument.

The Court again first considers whether Petitioner was prejudiced by Defense Counsel declining to raise this argument. *See, e.g.*, *Jones v. Clarke*, 783 F.3d 987, 991–92 (4th Cir. 2015) ("'[I]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed.'" (second alteration in original) (quoting *Strickland v. Washington*, 466 U.S. 668, 697 (1984))). The Fourth Circuit has repeatedly noted that a defendant's continued criminal conduct is a valid basis for a district court to not apply the Section 3E1.1 two-level reduction for acceptance of responsibility—even if that criminal conduct is unrelated to the offense of conviction. *See, e.g.*, *United States v. Adkins*, 92 F. App'x 43, 45 (4th Cir. 2004) (finding "that the district court did not clearly err in basing its decision" to deny the defendant a reduction for acceptance of responsibility "on criminal conduct that was different from [the defendant's] offense of conviction" and that occurred following the defendant's guilty plea); *United States v. Parsons*, 57 F. App'x 565, 566 (4th Cir. 2003) ("A defendant who does not voluntarily withdraw from criminal conduct while on bond is not entitled to an adjustment for acceptance of responsibility. This is true even if the post-arrest criminal conduct is unrelated to the offense of conviction." (citations omitted)). *See generally United States v. Childers*, 206 F. App'x

270, 271 (4th Cir. 2006) ("[A]lthough the Sixth Circuit has held that new criminal conduct unrelated to the offense of conviction may not be the basis for denial of acceptance of responsibility, this court has not adopted that rule." (citing *United States v. Morrison*, 983 F.2d 730, 733–35 (6th Cir. 1993))); *United States v. Shivers*, 146 F. App'x 609, 611–12 (4th Cir. 2005) ("[M]ost circuits to address the issue hold that a sentencing court does not clearly err if it chooses to deny an adjustment for acceptance of responsibility based on commission of criminal conduct that is different from the crime to which the defendant pled guilty." (citations omitted)). As such, there would have been little or no chance of success if Defense Counsel argued that Petitioner's use of drugs was not a valid basis to preclude a reduction for acceptance of responsibility because his drug use was unrelated to the offense of conviction. Correspondingly, Petitioner was not prejudiced by Defense Counsel's choice to forego this long-shot argument. *See, e.g.*, *Winston v. Pearson*, 683 F.3d 489, 505 (4th Cir. 2012) (stating that a petitioner bringing a claim for ineffective assistance of counsel "must prove prejudice—'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" (quoting *Harrington v. Richter*, 562 U.S. 86, 104 (2011))). Absent such prejudice, Petitioner's argument fails. *See, e.g.*, *Roane*, 378 F.3d at 404 ("A defendant asserting an [ineffective assistance of counsel] claim must . . . satisfy both prongs, and a failure of proof on either prong ends the matter." (citing *Kelly*, 816 F.2d at 946–47)).

Accordingly, the Court finds that Defense Counsel was not ineffective by declining to argue that Petitioner was entitled to the Section 3E1.1 two-level reduction for acceptance of responsibility because his drug use was unrelated to his offense of conviction.

Finally, Petitioner argues that Defense Counsel was ineffective because he "did not advocate vigorously the full argument" as to why Petitioner was allegedly entitled to the two-level reduction for acceptance of responsibility. (ECF No. 81 at 2–5.) In particular, Petitioner asserts that defense counsel was ineffective by providing a "general argument" applicable to "a standard [u]rban drug case where the [u]rban dwellers had no training in the storage and handling of weapons." (*Id.* at 4.) Instead, Petitioner asserts that defense counsel should have presented the following argument:

> Petitioner would aver for the [C]ourt that the Government, the Magistrate [Judge], and all of the Judges at every level that have reviewed this case to date has [sic] overlooked the importance of the fact that Petitioner properly handled his weapon, properly alerted authorities, properly turned control of the weapon to authorities at the proper time in a proper manner to ensure the safety of private citizens, law enforcement, and himself and should be awarded his requested acceptance of responsibility for the simple fact that Petitioner's responsible actions deserve same [sic] . . . .

(*Id.* at 4.) The Court similarly disagrees with this argument.

"There can hardly be any question about the importance of having the . . . advocate examine the record with a view to selecting the most promising issues for review." *Jones v. Barnes*, 463 U.S. 745, 752 (1983). Counsel "rais[ing] every colorable issue runs the risk of burying good arguments . . . in a verbal mound made up of strong and weak contentions." *Id.* at 753 (citations omitted). "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy . . . ." *Id.* As such, "[a]ttorneys need not raise every possible claim to meet the constitutional standard of effectiveness." *United States v. Mason*, 774 F.3d 824, 828 (4th Cir. 2014); *see also Smith v. Robbins*, 528 U.S. 259, 265 (2000) ("[C]ounsel . . . need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order

20

to maximize the likelihood of success . . . ." (citing *Barnes*, 463 U.S. 745)). "They are permitted to set priorities, determine trial strategy, and press those claims with the greatest chances of success." *Mason*, 774 F.3d at 828 (citing *Evans v. Thompson*, 881 F.2d 117, 124 (4th Cir. 1989)).

Nonetheless, "it is still possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent."[4] *Smith*, 528 U.S. at 288 (citing *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)). "With a claim that counsel erroneously failed to [present an argument], it will be easier for a defendant . . . to satisfy the first part of the *Strickland* test, for it is only necessary for him to show that a reasonably competent attorney would have found one nonfrivolous issue warranting [an argument], rather than showing that a particular nonfrivolous issue was clearly stronger than issues that counsel did present." *Id.* "In both cases, however, the prejudice analysis will be the same." *Id.*

The Court need not address whether a reasonably competent attorney would have raised Petitioner's proffered argument, as prejudice is again clearly lacking. *See, e.g.*, *United States v. Tart*, 877 F.2d 61, at *1 (4th Cir. 1989) ("Whether counsel's performance was deficient may be bypassed if it is easier to dispose of the claim on the grounds of lack of sufficient prejudice." (citing *Strickland v. Washington*, 466 U.S. 668, 697 (1984))). Based at least in part on the efforts of Defense Counsel, Petitioner obtained a recommendation from the probation officer in the first PSR that the Court should apply a two-level reduction for acceptance of responsibility. (*See* ECF No. 53 ¶ 16.) However, Petitioner wasted these efforts by submitting a dirty urine sample. (*Cf. id.* ¶¶ 7

---

[4] The Court notes that *Smith* addressed a claim of ineffective assistance of counsel against the defendant's appellate counsel. *See* 528 U.S. at 288. Nonetheless, this distinction is immaterial for purposes of the instant Section 2255 Motion, as "[t]he test for ineffective assistance of appellate counsel is the same as it is for trial counsel." *Lopez-Gutierrez v. United States*, Nos. 5:13–CV–00168–RLV, 5:10–CR–00032–RLV–8, 2015 WL 4388603, at *3 (W.D.N.C. July 15, 2015); *cf. Smith*, 528 U.S. at 285 (providing the two-prong *Strickland* analysis in the context of a "claim that appellate counsel was ineffective").

& 26 (providing the probation officer's revised recommendation in the final PSR that the Court should decline to apply the two-level reduction under U.S.S.G. § 3E1.1(a) due to Petitioner's "new criminal conduct").) The Court ultimately declined to apply the Section 3E1.1 two-level reduction due solely to Petitioner's continued involvement in criminal activity. (ECF No. 61 at 9:23–10:18.) While Petitioner may now assert that Defense Counsel should have raised the additional above-referenced arguments, none of these potential arguments address the sole reason Petitioner did not receive a reduction for acceptance of responsibility—namely, his use of cocaine while on release pending sentencing. (*See id.*) As such, regardless of whether Defense Counsel raised these contentions, the Court still would have applied its long-standing policy to decline to grant acceptance of responsibility in cases where defendants continue their criminal involvement by using controlled substances following their adjudication of guilt. Petitioner therefore suffered no prejudice as a result of Defense Counsel electing not to present these arguments and, correspondingly, this ineffective assistance of counsel argument fails. *See, e.g.*, *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004) ("A defendant asserting an [ineffective assistance of counsel] claim must . . . satisfy both prongs, and a failure of proof on either prong ends the matter." (citing *Williams v. Kelly*, 816 F.2d 939, 946–47 (4th Cir. 1987))).

The Court thus finds that Defense Counsel was not ineffective in declining to present Petitioner's alternative theories as to why he was entitled to the Section 3E1.1 two-level reduction for acceptance of responsibility.

## IV.  Conclusion

For the reasons provided above, the Court **OVERRULES** the Objections, (ECF No. 81), **ADOPTS** the PF&R, (ECF No. 80), **DENIES** the Section 2255 Motion,[5] (ECF No. 67), **DISMISSES** this case **WITH PREJUDICE**,[6] and **DIRECTS** the Clerk to remove this matter from the Court's docket.[7]

---

[5] In the Section 2255 Motion, Petitioner requests that the Court "vacate his sentence and resentence him with the remedy of a two level reduction for" acceptance of responsibility, "or in the alternative, hold an evidentiary hearing to determine the requirement for departure and allow for any other appropriate relief." (ECF No. 67 at 17.) In the PF&R, Magistrate Judge Eifert found that Petitioner "fails to state a factual or legal basis for relief" and, as such, "an evidentiary hearing is not warranted." (ECF No. 80 at 10.) Liberally construing the Objections, Petitioner appears to object to the Magistrate Judge's finding that an evidentiary hearing is not warranted in this case. (*See* ECF No. 81 at 6–7.)

   Section 2255 provides the following, in pertinent part: "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon . . . ." 28 U.S.C. § 2255(b). "Generally, an evidentiary hearing is required under 28 U.S.C. § 2255 unless it is clear from the pleadings, files, and records that a movant is not entitled to relief." *United States v. Robinson*, 238 F. App'x 954, 954 (4th Cir. 2007) (citing *United States v. Witherspoon*, 231 F.3d 923, 925–26 (4th Cir. 2000) and *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970)). Whether an evidentiary "hearing may be necessary, and whether petitioner's presence is required, is best left to the common sense and sound discretion of the district judges." *Raines*, 423 F.2d at 530. "However, when a movant presents a colorable Sixth Amendment claim showing disputed facts involving inconsistencies beyond the record, a hearing is mandated." *Robinson*, 238 F. App'x at 954 (citations omitted).

   In this case, the relevant facts are not in dispute. As discussed herein, Petitioner has failed to meet his burden to show that Defense Counsel was ineffective in arguing the issue of the Section 3E1.1(a) two-level reduction for acceptance of responsibility. As the record of this case conclusively shows that Petitioner is not entitled to relief on the Section 2255 Motion, the Court finds that an evidentiary hearing is not warranted in this case. *See, e.g.*, 28 U.S.C. § 2255(b) ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon . . . .").

   Accordingly, the Court **OVERRULES** the Objections, insofar as Petitioner argues that an evidentiary hearing is warranted, (*see* ECF No. 81 at 6–7), **ADOPTS** the PF&R's finding that no evidentiary hearing is required in this case, (ECF No. 80 at 10), and **DENIES** the Section 2255 Motion to the extent Petitioner requests an evidentiary hearing, (*see* ECF No. 67 at 4).

[6] In the Objections, Petitioner also appears to request the third-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b) in addition to the two-level reduction under Section 3E1.1(a). (*See* ECF No. 81 at 6.) However, a prerequisite for the third-level reduction under Section 3E1.1(b) is that "the defendant qualifies for a decrease under [Section 3E1.1(a)]." U.S.S.G. § 3E1.1(b). As noted above, the Court overrules the Objections relating to the Section 3E1.1(a) reduction and denies the Section 2255 Motion requesting this reduction. The Court therefore also **OVERRULES** the Objections, (ECF No. 81), and **DENIES** the Section 2255 Motion, (ECF No. 67), to the extent that Petitioner requests in the Objections and the Section 2255 Motion the additional third-level reduction for acceptance of responsibility under Section 3E1.1(b).

[7] On June 3, 2015—following the filing of the PF&R and the Objections—Petitioner filed a Motion for Judgment on Pleadings or in the Alternative for Summary Judgment (the "Motion for Judgment on the Pleadings"). (ECF No. 83.) In the Motion for Judgment on the Pleadings, Petitioner argues that he "is entitled to a judgment on the [Section 2255 Motion]." (*Id.* at 2.) As the Court adopts the PF&R and denies the Section 2255 Motion, the Court also **DENIES AS MOOT** the Motion for Judgment on the Pleadings. (ECF No. 83.)

The Court has also considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will be granted only if there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 437, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683–83 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2255, Petitioner may not appeal the Court's denial of a certificate of appealability, but he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. The Court thus **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        December 4, 2015

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

24